Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS with minor modifications the Opinion and Award of the deputy commissioner as follows:
Based upon all of the competent evidence of record, the Full Commission finds as fact and concludes as matters of law the following:
 FINDINGS OF FACT
1. At the time of his injury plaintiff was a regular part-time employee of defendant. Defendant had three or more regular employees at all times relevant to this claim. Therefore, the Industrial Commission has jurisdiction over this claim. Defendant does not have workers' compensation insurance.
2. On June 1, 1994, plaintiff was assigned to work with a co-worker on the construction of partition walls for a second story to the flea market snack bar, attaching sheet rock panels to wall studs. The snack bar is a partitioned enclosure inside the flea market building, and the floor of the building is poured concrete. Plaintiff and his co-worker used a ladder to move the four by eight sheetrock panels to the second story work area, some eight to ten feet above the concrete floor. As the work neared completion, plaintiff began to descend the ladder, facing outward because there was only a narrow space to pass through the assembled studs. His foot slipped on a top rung of the ladder and he slid down the ladder to the floor. Plaintiff landed on his feet and pitched forward to the floor. He did not work anymore that day.
3. Plaintiff's slip from the ladder was an unlooked for and untoward event not expected or designed by plaintiff and thus an accident. As a result of the accident sustained on June 1, 1994, plaintiff received a cut to his right thumb and experienced pain in his neck and lower back.
4. Plaintiff suffers from epilepsy, controlled by medication, and he received, at some time before his employment with defendant, Supplemental Security Income from the Social Security Administration for mental retardation. There was no evidence that plaintiff was receiving SSI when employed by defendant, nor that plaintiff's injury was causally related to his epilepsy.
5. Plaintiff sought medical attention at Medac, an intermediate care facility in Wilmington. He was seen by Dr. Paul Switzer, who tended to the cut thumb and prescribed pain-relieving medication.
6. At a follow-up visit to Medac on June 3, 1994, plaintiff was seen for continuing lower back pain by Dr. Samuel Spicer, who also prescribed pain-relieving medication. Dr. Spicer referred plaintiff to the Physical Therapy Department of New Hanover Regional Medical Center in Wilmington for his back pain. Plaintiff received physical therapy during eight visits, the last one occurring on June 22, 1994. The physical therapy was terminated once defendant refused to pay for the treatment.
7. Plaintiff sought further medical care from Dr. James H. Pridgen, a doctor of internal medicine practicing in Wilmington. When first seen by Dr. Pridgen on September 27, 1994, plaintiff was experiencing intermittent mild neck pain and severe lower back pain, with some right leg numbness. The doctor's diagnosis was back pain with sciatica and cervical pain. This condition was causally related to plaintiff's slip and fall on June 1, 1994.
8. Dr. Pridgen prescribed anti-inflammatory and anti-spasmodic medications, and ordered an MRI scan of the lumbar spine to rule out the possibility of a herniated disk. The scan was normal.
9. Dr. Pridgen last saw plaintiff on November 17, 1995, and plaintiff was continuing to experience lower back pain. Medications were prescribed and plaintiff was referred for additional physical therapy but was unable to follow up because of defendant's refusal to authorize or pay for the treatment.
10. The treatment rendered, prescribed, or recommended for plaintiff by Drs. Switzer, Spicer and Pridgen was reasonably necessary to effect a cure or provide plaintiff relief from his pain and is hereby authorized.
11. As a result of plaintiff's injury by accident on June 1, 1994 and the resulting injury to his lower back and cervical spine, plaintiff was and remains unable to earn the same wages he was earning at the time of the injury in the same or any other employment, from June 1, 1994 through the date of the hearing and continuing.
12. After his injury by accident of June 1, 1994, plaintiff performed various odd jobs on unspecified dates and earned unspecified amounts. Plaintiff also worked driving a dump truck at an unspecified wage for two weeks in April 1995, but was unable to continue this line of employment due to his back pain. The actual wages earned by plaintiff since his injury are not indicative of his wage earning capacity.
13. Based upon plaintiff's work hours in the months preceding his injury by accident of approximately 24 hours per week at $5.00 per hour, plaintiff's average weekly wage on June 1, 1994 was $120.00, yielding a compensation rate of $80.00 per week.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The parties are subject to, and bound by, the provisions of the North Carolina Workers' Compensation Act in that defendant employed at least three regular employees at all times relevant to this case and an employer-employee relationship existed between plaintiff and defendant at the time of plaintiff's injury. N.C. Gen. Stat. § 97-1, § 97-2.
2. Plaintiff suffered an injury by accident arising out of and in the course of his employment with defendant on June 1, 1994, resulting in an injury to plaintiff's right thumb, his neck and lower back. N.C. Gen. Stat. § 97-2(6).
3. As a result of his compensable injury of June 1, 1994, plaintiff is entitled to temporary total disability compensation at the rate of $80.00 per week from June 1, 1994 through the date of the hearing before the deputy commissioner and continuing until such time as plaintiff returns to gainful employment at the same or greater wages than he was earning prior to his injury, or until further order of the Industrial Commission. N.C. Gen. Stat. § 97-29. Defendant is entitled to a credit for wages earned by plaintiff since his surgery. N.C. Gen. Stat. § 97-42.
4. Plaintiff is entitled to payment by defendant of all medical expenses incurred by plaintiff for medical treatment that is reasonably necessary to effect a cure, provide relief and/or lessen his disability. N.C. Gen. Stat. § 97-25.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant Doyle W. Pennaly shall pay to plaintiff temporary total disability compensation at a rate of $80.00 per week from June 1, 1994 through the date of the hearing before the Deputy Commissioner and continuing until further order of the Industrial Commission. Defendant Doyle W. Pennaly is entitled to a credit for any wages earned by plaintiff since his injury. Any accrued amounts of compensation shall be paid to plaintiff in one lump sum. Thereafter, plaintiff shall be paid weekly at the rate of $80.00 per week, subject to an attorney's fee approved in Paragraph 3 below.
2. Defendant Doyle W. Pennaly shall pay all medical expenses incurred by plaintiff for treatment of injuries suffered as a result of his compensable injury by accident of June 1, 1994, when bills for the same have been submitted and approved according to proper Industrial Commission procedure.
3. An attorney's fee of twenty-five percent (25%) of the compensation awarded in Paragraph 1 above is approved for plaintiff's attorney and shall be paid as follows: twenty-five percent (25%) shall be deducted from the accrued amount and paid in one lump sum directly to plaintiff's counsel; thereafter, defendant Doyle W. Pennaly shall pay to plaintiff's counsel every fourth check due plaintiff under this Award.
4. Defendant Doyle W. Pennaly shall pay an expert witness fee in the amount of $175.00 to Dr. James Pridgen.
5. Defendant Doyle W. Pennaly shall pay the costs.
***********
 ORDER
It is HEREBY ORDERED that
1. The parties shall confer and stipulate to the amount of credit due defendant for wages earned by plaintiff within fifteen (15) days. If the parties cannot agree, this issue is RESERVED for subsequent determination and shall not affect defendant's obligation to pay temporary total disability compensation benefits pursuant to the award herein. However, defendant may request an evidentiary hearing before the Full Commission at any time on the issue of credit due.
2. This case is referred to the Investigations Section of the Industrial Commission for further proceedings regarding defendant's failure to carry workers' compensation insurance.
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
J. Howard Bunn participated in the Full Commission's review hearing, but retired prior to decision in this case.
J. HOWARD BUNN, Jr. CHAIRMAN
jcb